**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **MARIELA SUAREZ** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **No. 3:07-CV-0343-R** |
| | § | |
| **ANGELA K. BARROWS, et al.,** | § | |
| **Defendants.** | § | |

## MEMORANDUM OPINION AND ORDER

Mariela Suarez filed this action asking the Court to make a determination regarding her

naturalization application under 8 U.S.C. § 1447(b).  Defendants, Angela K. Barrows, Michael

Chertoff, and Alberto Gonzalez, moved to dismiss her complaint, or in the alternative, remand

her case, claiming that this Court lacks jurisdiction to decide the case.  The Court disagrees and

denies the Motion to Dismiss, or in the Alternative, to Remand (Dkt. No. 4).

### I.  Background

Suarez immigrated to this country from Cuba.  She has been residing in the United States

for almost eight years as a lawful permanent resident.  On April 15, 2005, she filed her

application for naturalization.  The USCIS conducted her interview on August 15, 2005.  She

passed the required tests in English, United States history and government.  Now 660 days later,

she is still awaiting a decision on her naturalization application.

### II.  Analysis

Section 1447(b) gives a person seeking naturalization the right to petition the district

court if the USCIS has not made a determination within 120 days of the date of examination.

Defendants argue that the date of examination, as used in the statute, does not refer to the date of

the interview, but to the entire process of interview and investigation, including various

background checks.

This Court agrees with the majority of courts that have rejected this illogical interpretation of the statute. *See Negam v. U.S.,* 480 F. Supp. 2d 877 (N.D. Tex. 2007); *El-Daour v. Chertoff,* 417 F. Supp. 2d 679, 680-82 (W.D. Pa. 2005). Therefore, the Court finds that it has jurisdiction to hear Suarez's application because more than 120 days have passed since the "date of the examination" – her interview.

Defendants further allege that the appropriate remedy, if the Court fails to interpret the statute to mean 120 days after the entire investigative and interview process is complete, is to remand the case to the USCIS to process the application after the background check is complete. This Court does not agree. Instead, this Court adopts the reasoning of another court in the Northern District of Texas that was faced with this issue. *Negam,* 480 F. Supp. 2d 877. The Court finds no need to further expound on Judge McBryde's analysis and holding in that case. Instead, for consistency, this Court also comes to the same conclusion that the "governmental agencies have had more than sufficient time to perform the functions required of them for the processing of [Suarez's] application." Approximately 660 days have past since Suarez's examination. Suarez is entitled to a decision on her application.

Because the Court understands the importance of the investigatory process in determining Suarez's naturalization application, it ORDERS the following:

(1) Defendants must provide the Court with Suarez's completed background checks and an accompanying report on her background checks by July 11, 2007. Defendants shall file these documents *ex parte* and under seal in this cause.

(2) Defendants may provide the Court with any further documentation relevant to Suarez's naturalization application by July 11, 2007. These documents may also be filed *ex*

*parte* and under seal.

(3) The Court will conduct a hearing on July 19, 2007, at 10:00 a.m. to consider Suarez's naturalization application.  Suarez, counsel for Suarez, and counsel for Defendants must be present.  If the parties wish to present evidence or witnesses at the hearing, the evidence and a list of witnesses must be submitted to the Court by July 11, 2007.

**ENTERED: June 5, 2007**

**It is so ORDERED.**

**JERRY BUCHMEYER**
**SENIOR DISTRICT JUDGE**
**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**